(November 2, 1909.)

## In re IRA ALZAMON LUCAS, Habeas Corpus.

[104 Pac. 657.]

CRIMINAL LAW—APPEALS FROM POLICE AND JUSTICE COURTS—SUPER-
SEDEAS BOND—JUDGMENT ON APPEAL—LIABILITY OF DEFENDANT AND
SURETIES ON APPEAL—IMPRISONMENT FOR FINE AND COSTS.

1. Under the provisions of secs. 7239 and 7994 of the Rev.
Codes, the trial court may impose an alternative sentence of im-
prisonment against the defendant in case of failure to pay the fine
or costs, or both fine and costs, as the case may be. These sections,
however, have reference to the judgment upon the original trial of
a criminal case.

2. Where a defendant is convicted in a police or justice's court,
and thereafter prosecutes an appeal to the district court and gives
an undertaking for a stay of proceedings on the judgment, as pro-
vided for by sec. 8324 of the Rev. Codes, and is thereafter con-
victed in the district court, it is the duty of the latter court, under
the provisions of sec. 8327 of the Rev. Codes, to enter a judgment
for a fine imposed or costs, or both fine and costs, against the de-
fendant and his sureties in the same manner as a judgment is en-
tered in a civil action, and execution should thereupon issue on such
judgment. In such case the district court has no jurisdiction or
authority to impose an alternative judgment of imprisonment against
the defendant in case he fail to pay the fine or costs, or both fine
and costs.

3. Sec. 8327 of the Rev. Codes does not prohibit the district court
also entering an unqualified and independent sentence of imprisonment
against the defendant convicted on appeal, in addition to any fine
and costs, where such additional sentence is allowed as a part of
the penalty for the specific offense of which the defendant was con-
victed.

4. The civil judgment authorized by the provision of sec. 8327
may be entered against a defendant and his sureties in the dis-
trict court whether they be present in court or fail to appear.

(Syllabus by the court.)

Original action for writ of *habeas corpus*. Writ *granted*
and prisoner *discharged*.

Gustave Kroeger, and J. C. Johnston, for Petitioner.

In the following cases it is held that alternative punish-
ments are void: *Ex parte Baldwin*, 60 Cal. 432; *Matter of*

*Bollig*, 31 Ill. 88; *Brownbridge v. People*, 38 Mich. 751; *Matter of Hoffman*, 1 N. Y. Crim. Rep. 484; *State v. Perkins*, 82 N. C. 681; *In re Deaton*, 105 N. C. 59, 11 S. E. 244; *State v. Camden*, 63 N. J. L. 501, 43 Atl. 1069.

D. C. McDougall, Attorney General, and J. H. Peterson, Assistant Attorney General, for State.

Where part of a sentence imposed as a punishment for crime is illegal, if the part that is valid can be separated from the rest, it will be enforced. (*Ex parte Mitchell*, 70 Cal. 1, 11 Pac. 488; *Lowrey v. Hogue*, 85 Cal. 600, 24 Pac. 995; *In re Sweatman*, 1 Cow. (N. Y.) 144; *In re Taylor*, 7 S. D. 382, 58 Am. St. 843, 64 N. W. 253, 45 L. R. A. 136.) In *Lowrey v. Hogue, supra,* the supreme court of California specifically holds that where a justice of the peace fines a man and commits him to jail until he pays his fine, and in the particular case the justice has no jurisdiction to impose the last part of the sentence, still the first part is good and the fine is valid. So in this case, even if the supreme court should be of the opinion that the district court had no power to commit Lucas to jail until the payment of his fine, still that part of the sentence imposing the fine would be valid.

AILSHIE, J.—The petitioner was convicted in the police court of Boise of the crime of assault for violation of sec. 667 of the Rev. Ordinances of Boise City, and thereupon was fined the sum of $50. He appealed to the district court and gave an undertaking in the sum of $200 in conformity with the provision of sec. 8324 of the Rev. Codes. The case thereafter duly and regularly came on for trial in the district court, and the defendant was convicted and the trial court pronounced the following sentence:

"That whereas the said Ira Alzamon Lucas having been duly convicted in this court of the crime of assault, it is therefore ordered, adjudged and decreed, that the said Ira Alzamon Lucas is guilty of assault and that he be punished by imprisonment in the county jail of the county of Ada, state of Idaho, for a term of fifty days or pay a fine of $100.00 or $2.00 for each day of the imprisonment not served."

In default of payment of the fine, the defendant was committed to the custody of the sheriff and subsequently applied to this court for a writ of *habeas corpus.* The writ was issued and the prisoner was brought into this court together with the return of the sheriff, showing the judgment and conviction as above stated.

The petitioner contends that where a conviction has been had in a justice or police court and an appeal has been taken in conformity with law, and an undertaking has been given for a "stay of proceedings under the judgment," as provided by sec. 8324, and he is subsequently convicted in the district court, no other or different judgment can be imposed upon him than that provided in sec. 8327 of the Rev. Codes. That section reads as follows:

"If upon the trial in the district court the defendant is convicted, judgment must be rendered against the defendant and his sureties for the costs in both courts, and for any fine imposed by the district court; and if such fine and costs be not paid, execution must be issued thereon against the defendant and his sureties; but the sureties are not liable on any such judgment or execution beyond the amount of their undertaking. If the defendant fails to appear and prosecute his appeal, judgment must be entered by the district court against the defendant and his sureties in the amount of the undertaking."

It is contended on behalf of the state that under the provision of sec. 7232 "whenever any fine is imposed for any felony or misdemeanor, whether such be by statute or at common law, the party upon whom the fine is imposed shall be committed to the county jail, when not sentenced to the state prison, until the fine is paid; and he shall be imprisoned at the rate of one day for each two dollars until such fine is paid"; and that under the provision of sec. 7994 "A judgment that the defendant pay a fine, or pay costs, or pay both fine and costs, may also direct that defendant be imprisoned until the fine, or costs, or both fine and costs, have been satisfied," at the rate of two dollars per day for each day's imprisonment.

The attorney general contends that under the provisions of these sections of the statute the district court may enter an alternative judgment of imprisonment in an appeal case where the defendant fails to pay the fine, or fine and costs, as the case may be.

Sec. 2216 of the Rev. Codes provides that "Appeals may be taken from the judgments of the police judge, in the same manner as appeals are taken from the judgments of justices of the peace in criminal cases."

It follows from the provisions of this section of the statute that as soon as a defendant, who has been convicted in a police court, begins to pursue his remedy by appeal, he is thereupon subjected to the provisions of the state law with reference to the prosecution of appeals, trials *de novo,* and the entry of judgment thereon in the district court. Under this authority he invokes the provisions of sec. 8324, and when he gives an undertaking for the stay of proceedings, such undertaking inures to the benefit of the state. If he is thereafter convicted upon the same charge, he is undoubtedly subject to the provisions of sec. 8327, and should have the judgment entered against him, in conformity with the provisions of that section of the statute. Under the provisions of secs. 7232 and 7994 of the Rev. Codes, the trial court may impose an alternative sentence of imprisonment in case of failure on the part of the defendant to pay the fine or costs or both fine and costs, as the case may be. These sections, however, have reference to the original trial of criminal cases, while sec. 8327 has reference to judgments in such cases on appeal.

It is a well-recognized rule of statutory construction that different statutes bearing on the same subject must be construed *in pari materia,* and that if possible the court will so construe them as to give full force and effect to every provision of the statute. Construing the provisions of sec. 8327 in view of and in harmony with the provisions of secs. 7232, 7994 and 8324, we have no doubt but that it was the legislative intent, in enacting the former section, that upon conviction in the district court on appeal, any judgment there rendered and entered for a fine imposed by the district court, and for any and all costs, both in the district court and the in-

ferior court, must be rendered and entered against the defendant and his sureties, in the same manner as judgment is entered in a civil action, and that thereupon execution must issue on such judgment.

We are equally clear that the provisions of sec. 8327 do not prohibit the district court also entering an unqualified sentence of imprisonment, in addition to the fine and costs, in any case where imprisonment is allowed as a part of the punishment for such offense. This statute does not contain any prohibition against the district court rendering a judgment of imprisonment in such case as well as one of fine. It merely undertakes to point out the method of rendering and entering judgment against the defendant on appeal for any fine imposed together with the costs in the action. In the present case the district court has not attempted to enter any unqualified sentence of imprisonment against the petitioner. As we read the judgment set out in the return, the imprisonment was intended only in case the petitioner failed to pay the fine imposed. In this condition of the case the judgment is clearly unauthorized, and affords no basis or authority for the defendant sheriff detaining petitioner and restraining him of his liberty.

It appears that under the provisions of the ordinance of Boise City, sec. 667 (Rev. Ordinances), the court had the authority to either fine or imprison the defendant, or both, as he might deem best and necessary to meet the ends of justice. It is sufficient, however, to say that he has not undertaken to exercise the right and power of imposing an unqualified jail sentence. He has rather confined himself to an alternative sentence in the event the defendant failed to pay the fine imposed. What is here said has reference only to the imprisonment of petitioner and has no reference to the validity of the sentence to pay fine and costs. The civil judgment may be entered against petitioner and his sureties under sec. 8327 whether they be present in court or fail to appear. For the reasons above stated, the petitioner is discharged.

Sullivan, C. J., concurs.

STEWART, J., Concurring.—I concur in the conclusion reached by the majority of this court as expressed in the opinion of Justice Ailshie. Under the provisions of sec. 7232, Rev. Codes, whenever any fine is imposed for a misdemeanor, whether such be by statute or at common law, the party upon whom the fine is imposed shall be committed to the county jail until the fine is paid, and shall be imprisoned at the rate of one day for each two dollars until such fine is paid. Under the provisions of this section, it would seem to be mandatory upon the court to commit the prisoner until the fine is paid at the rate of two dollars per day, but under the provisions of sec. 7994, it would seem to be discretionary with the court as to whether or not the defendant be committed in default of the payment of the fine and costs, for in that section it is provided, "A judgment that the defendant pay a .fine, or pay costs, or pay both fine and costs, may also direct that defendant be imprisoned until the fine, or costs, or both fine and costs, have been satisfied."

This latter section seems to contemplate that a judgment for fine or costs, or both, is to be entered as a civil judgment, and that it is made discretionary with the court as to whether the defendant shall be committed until such fine or costs, or both, are paid. Whether under these two sections of the statute the trial court has the power to impose as a penalty imprisonment and a fine, and imprisonment for nonpayment of such fine and costs, may be questionable but is not involved in this case.

Subsequent to the enactment of these two sections, secs. 8324 and 8327 of the Rev. Codes were incorporated in the Rev. Stat., and to a certain extent modify and limit the jurisdiction of the district court in imposing punishment in appeals from the probate and justice's court. Sec. 8324 provides for an undertaking, to the effect that the appellant will pay any judgment of fine and costs that may be awarded against him on the appeal; and sec. 8327 requires and commands that if the defendant be convicted upon such appeal, then the trial court must render judgment against the defendant and his sureties for the costs in both courts and for any

fine imposed by the district court. The provisions of these two sections make the liability of the defendant, for the fine and costs upon appeal from a probate or justice's court, a civil liability; and the only method to collect the same is by the entry of judgment and the issuing of an execution thereon. The court is denied the right of satisfying such judgment by the imprisonment of the defendant.

This statute substitutes a civil judgment as a method of collecting the fine imposed and the costs, instead of the imprisonment of the defendant, for nonpayment of such fine and costs at the rate of two dollars per day. In other words, under this statute the district court upon conviction in an appeal case from the probate or justice's court, has no jurisdiction or power to imprison the defendant for the fine or costs. The only method, by which such fine and costs can be collected, is through civil process. This statute, however, does not take away from the court the power to impose imprisonment as an independent sentence and not in default of the payment of the fine and costs; and in this case the district court, having imposed imprisonment for nonpayment of a fine upon an appeal case from a police court, exceeded its jurisdiction and rendered a judgment wholly unauthorized by the statute.

There is another matter in connection with the judgment rendered by the district court in this case, which I think deserves attention. An examination of the judgment discloses that the court adjudges "that the defendant be punished and imprisoned in the county jail of the county of Ada, state of Idaho, for a term of fifty days or pay a fine of one hundred dollars or two dollars for each day of the imprisonment not served." While the form of judgment or its sufficiency is not questioned in this court, yet I think the matter is of such importance that the trial court's attention should be called to the fact that the punishment imposed is imprisonment rather than a fine. If it were the intention to adjudge a fine against the defendant, and in default of the payment of which he be imprisoned at the rate of one day for each two dollars of such fine or costs, or both, then the judg-

ment should have so stated, as the imprisonment is only upon condition that the fine be not paid. It would have been better had the judgment followed the provisions of the statute. (Sec. 7994, Rev. Codes.)