215 P.2d 996

**STATE v. EIKELBERGER et al.**

No. 7606.

Supreme Court of Idaho.

March 15, 1950.

Robert E. Smylie, Atty. Gen., J. R. Smead, Asst. Atty. Gen., Joseph McFadden, Pros. Atty., Hailey, for respondent.

Frank Langley, Boise, for appellants.

PORTER, Justice.

On May 24, 1949, defendant was convicted in the Probate Court of Blaine County, Idaho, of the crime of issuing a check on a bank with insufficient funds therein to pay the same. Judgment was entered against him for the sum of $50 fine and costs of suit. On the same day, defendant appealed from said judgment to the district court and filed a bond for bail pending appeal in the sum of $200 executed by the above named bondsmen-appellants as sureties.

On May 28, 1949, the prosecuting attorney notified counsel for defendant that on June 7, 1949, he would move the court to set the case for trial. Thereafter, the court set the case for trial on June 21, 1949. There was some correspondence and an affidavit by the attorneys for defendant objecting to such date for trial. The case was then reset for hearing on August 1, 1949. On June 26, 1949, an affidavit was filed disqualifying the presiding judge. The case was then transferred to another judge.

On August 1, 1949, at the time fixed for trial, neither the defendant nor his attorneys appeared. Whereupon, the court entered an order setting out that a misinterpretation of the setting had arisen, and resetting the case for trial on August 15, 1949. On August 10, 1949, an affidavit disqualifying the then presiding judge was filed and the case was thereupon transferred to Judge Kales E. Lowe. On August 13, 1949, the attorneys for defendant filed notice of withdrawal, dated August 11, 1949. This notice was not received by defendant until Sunday noon, August 14, 1949.

On August 15, 1949, at the time set for trial, defendant appeared in open court without counsel. Whereupon, the prosecuting attorney immediately moved the court to dismiss the appeal and to enter judgment against the defendant and his sureties for the amount of the undertaking. Defendant requested the court to either continue the case until he could endeavor to get counsel or to appoint counsel to represent him. He stated that he was crippled and without funds with which to employ counsel. He refused to represent himself in the trial and refused to proceed until he could be represented by counsel, stating, in effect, that he did not know anything about legal procedure.

The court denied defendant's application for a continuance; denied his application for the appointment of counsel by the court; denied the state's motion for dismissal of the appeal; granted the state's motion for judgment against defendant and his sureties in the amount of the face of the undertaking; and ruled that this finally disposed of the matter in the district court. Judgment was entered against defendant and sureties for the sum of $200. From such judgment both defendant and his sureties have appealed to this court.

Appellants contend that it was the duty of the court either to grant defendant's application for a continuance in order to employ counsel, or in the alternative, to ap-

point counsel to represent defendant; and that it was error for the court to enter a judgment upon the undertaking because defendant refused to proceed without representation by counsel. On the other hand, the state contends that the court's refusal of a continuance was justified; that the court was without power to appoint counsel upon an appeal from the probate court to the district court; and that defendant's refusal to proceed to trial constituted a failure of defendant to prosecute his appeal.

The trial judge may have felt that the past acts of defendant and his counsel in requesting delays in the trial, in the disqualifying of judges and in the withdrawal of counsel immediately prior to the date of trial, militated against a continuance. However, the fact remained that defendant was in court without counsel and without having had reasonable opportunity to replace the withdrawn counsel.

The court not only refused the continuance but refused to appoint counsel on the ground that he was without power so to do. He did not investigate nor pass upon whether the defendant was financially able to procure counsel. The court apparently held that Sections 19-1512, I.C., and 19-1513, I.C., governing procedure in the district court, did not empower him to appoint counsel for defendant upon an appeal because the proceedings were upon a "complaint" and not upon an "information or indictment." Said sections are as follows:

"19-1512. Right to counsel.—If the defendant appears for arraignment without counsel he must be informed by the court that it is his right to have counsel before being arraigned, and must be asked if he desires the aid of counsel. If he desires and is unable to employ counsel the court must assign counsel to defend him."

"19-1513. Appoinment of counsel for accused.—Whenever upon the trial of a person in the district court, upon an *information or indictment,* it appears to the satisfaction of the court that the accused is poor and unable to procure the services of counsel, the court may appoint counsel to conduct the defense of the accused, for which service such counsel must be paid out of the county treasury, upon order of the judge of the court, such sum as the court may deem reasonable for the services rendered." (Emphasis supplied.)

In State v. Stafford, 26 Idaho 381, 143 P. 528, this court held that the state, under a statute providing for an appeal "from a judgment for the defendant on a demurrer to the *indictment or information",* Rev. Codes 1909, § 8043 (emphasis supplied) could appeal to this court where the cause had been started by a *complaint* in the probate court and appealed to the district court, and the cause there dismissed for alleged lack of jurisdiction. Among other things, the court, starting, 26 Idaho on page 387, 143 P. on page 530, says: "A criminal case appealed from a justice's or probate court, after the appeal, stands the same in the dis-

trict court as though it had been begun there. It is there for a new trial on every point and question that was raised or might have been raised in the justice's or probate court. The name given by the statute to the paper charging the crime and filed in the justice's or probate court is 'complaint,' and cases involving indictable misdemeanors and felonies are prosecuted in the district court on a paper called an 'indictment' or 'information.' The paper called a 'complaint' in the justice's court serves the same purpose as the paper called an 'information' in the district court, and those two words are often used synonymously and mean the same thing. An information or a complaint is a paper charging a defendant with a particular offense, and it matters not whether it is called an information or a complaint. * * * those statutes which provide the procedure in criminal cases in the district court apply to such appeals as well as to those criminal cases which the district court has original jurisdiction to try and determine."

█ The term "indictment or information," as used or contemplated by the statutes in question, is used in a generic sense and includes a "complaint" upon an appeal from the lower court to the district court. By sections 19-1512, I.C., and 19-1513, I.C., the trial court was clothed with power to appoint counsel to represent defendant if indigent.

Article I, Section 13, of the Constitution of the State of Idaho, provides that the defendant shall have the right "to appear and defend in person and with counsel."

In State v. Montroy, 37 Idaho 684, on page 690, 217 P. 611, 614, we said: "It is the public policy of this state, disclosed by constitutional guaranties as well as by numerous provisions of the statues, to accord to every person accused of crime, not only a fair and impartial trial, but every reasonable opportunity to prepare his defense and to vindicate his innocence upon a trial. In the case of indigent persons accused of crime, the court must assign counsel to the defense at public expense * * *."

█ It was the duty of the trial judge to either grant the defendant a reasonable opportunity to procure counsel, or to appoint counsel to represent defendant if found to be indigent. See Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527.

Section 19-3941, I.C., under which the bond or undertaking in question was given, reads as follows: "The party appealing may, at any time thereafter, if he desires to be released from custody during the pendency of the appeal, or desires a stay of proceedings under the judgment until the appeal be disposed of, enter into a recognizance, with two sufficient sureties to be approved by the judge or justice, in an amount to be fixed by the judge or justice, but not exceeding $500 in any case, for the payment of any judgment, fine and costs that may be awarded against him on the appeal, and that he will faithfully prose-

cute the same and render himself in execution of any judgment or order rendered or entered against him in the district court."

Section 19-3944, I.C., under which the court purported to act in entering the summary judgment on the undertaking, is as follows: "If upon the trial in the district court the defendant is convicted, judgment must be rendered against the defendant and his sureties for the costs in both courts, and for any fine imposed by the district court; and if such fine and costs be not paid, execution must be issued thereon against the defendant and his sureties; but the sureties are not liable on any such judgment or execution beyond the amount of their undertaking. If the defendant fails to appear and prosecute his appeal, judgment must be entered by the district court against the defendant and his sureties in the amount of the undertaking."

The phrase "fails to appear and prosecute his appeal" as used in Section 19-3944, I.C., carries the thought of a voluntary abandonment by a defendant of his appeal. In the instant case, defendant had not abandoned his appeal but was present at the time fixed for trial and was insisting upon his legal right to be represented by counsel at such trial. It was error for the trial judge to hold that defendant's refusal to proceed without counsel constituted a failure to prosecute his appeal; and to thereupon enter a summary judgment against the defendant and his sureties in the amount of the undertaking.

The judgment is reversed and the cause remanded for further proceedings in the premises.

HOLDEN, C. J., and GIVENS, TAYLOR and KEETON, JJ., concur.