230 P.2d 696

**STATE v. EIKELBERGER.**

No. 7704.

Supreme Court of Idaho.

April 24, 1951.

. . T. E. McDonald, Arco, E. G. Elliott, Boise, for appellant.

284

Robert E. Smylie, Atty. Gen., J. R. Smead, Asst. Atty. Gen., Joseph McFadden, Pros. Atty., Hailey, for respondent.

THOMAS, Justice.

On March 6, 1948 the defendant issued a check for $58.50 drawn on a bank in Boise, Idaho, which, upon presentation for payment, was dishonored for the reason that the defendant did not have sufficient funds in the bank to cover payment of the check. A criminal complaint was filed against the defendant in the Probate Court of Blaine County, Idaho, on January 13, 1949, charging him with the crime of issuing a check without sufficient funds in the bank to pay the same; on May 24, 1949 defendant was convicted and judgment was entered fining the defendant $50 and costs; on the same day the defendant appealed to the district court of Blaine County. Defendant executed and filed a bail bond upon appeal as required under Sec. 19–3941, Idaho Code.

The February term of the district court of Blaine County commenced on February 28, 1949. The next term of that court began on October 10, 1949 and was adjourned to December 12, 1949.

The case was duly set for trial on June 21, 1949 and thereafter, upon the insistence of counsel for defendant, setting was vacated with the understanding that it would be subsequently set on a date convenient to both court and counsel; the case was

then set for August 1, 1949; following the setting counsel for defendant filed affidavit of prejudice against the presiding judge and the cause was then transferred to another judge.

On August 1st, the date set for trial, neither the defendant nor his attorneys appeared, whereupon the court and prosecuting attorney contacted counsel for defendant by telephone and then vacated the setting and reset the case for trial on August 15, 1949. On August 10, 1949 an affidavit of prejudice against the second judge was filed and the court then transferred the case to still another judge. Following this setting, and on August 13, 1949, the attorneys for defendant filed notice of withdrawal.

On August 15th, the date fixed for the trial, the defendant appeared in open court without counsel and requested that the court either continue the case until he made efforts to secure an attorney or that the court appoint an attorney to represent him, stating that he was without funds and was not prepared to present his own defense; the prosecuting attorney thereupon moved the court to dismiss the appeal and enter judgment against the defendant and his sureties in the amount of the undertaking on appeal under the authority of Section 19-3944, Idaho Code, which provides in part, that should the defendant fail to appear and prosecute his appeal, judgment must be entered by the district court against the defendant and his sureties in the amount of the undertaking.

The court refused the application for continuance and denied the application for appointment of counsel; the court also denied the motion to dismiss, and granted the motion for judgment against the defendant and his sureties, and concluded that the case was thus disposed of.

The defendant and his sureties appealed to this court from the judgment entered and this court, in reversing the judgment of the district court, held on appeal that defendant was entitled to be represented by counsel, and that it was the duty of the court below to grant defendant a reasonable time to procure counsel, or if the court found that he was indigent, that it was the duty of the court to appoint counsel for him and that defendant did not thus fail to appear and prosecute his appeal within the spirit of the statute. The judgment of reversal was entered on March 15, 1950 and the cause remanded for further proceedings in the premises. See State v. Eikelberger, 70 Idaho 271, 215 P.2d 996.

Following the remittitur from this court, and on or about April 5, 1950, the court below appointed an attorney for the defendant and set the case for trial on June 16, 1950.

On April 18, 1950 the attorney for defendant filed a motion to dismiss the case under the provisions of Sections 19-3501

and 19–3942, Idaho Code, on the ground that the case was not brought to trial at the next term after it was filed in the district court and that it had not been postponed or continued upon the application or request of the defendant, or at all; that the defendant was not granted a speedy and public trial as he was entitled to under Section 13, Article I of the Idaho Constitution.

This motion was denied and the case was tried before a jury on June 16, 1950. Defendant renewed his motion for dismissal at the beginning of the trial of the case and the motion was again denied. The defendant was found guilty and judgment was entered.

On this appeal, appellant assigns as error the denial of his motion to dismiss for the reason that the case was not tried at the October term of the district court in 1949, and for the further reason that the evidence was insufficient to justify the verdict.

We will first consider the contention of the defendant that he was entitled to a speedy and public trial of his case and was entitled to have the same tried at the October term of the court in 1949.

Under the provisions of Article I, Section 13, of the Idaho Constitution, in all criminal prosecutions the party accused shall have the right to a speedy and public trial.

Section 19–3942, Idaho Code appertaining to trials on appeal from the probate court to the district court, provides as follows: "The clerk of the district court must file the papers received, and enter the action on the calendar in its order with other criminal cases, and the same must be tried anew in the district court at the next term thereof, unless for good cause the same be continued".

Under the provisions of the above section of the statute, as well as Article I, Section 13 of the Idaho Constitution, the defendant is entitled to a speedy trial. In re Rash, 64 Idaho 521, 134 P.2d 420. The right of a speedy trial of a defendant is directed against arbitrary and oppressive delays; it is intended to prevent wrongful restraint of liberty of the accused on the part of the prosecuting official.

If good cause to the contrary is shown why the trial was not held at the next term of the court, then the court should not dismiss the case; if there is good cause to continue the trial of the case beyond the next term of the court the requirements of the statute have been met. In re Rash, supra.

There is no fixed rule for determining the meaning of the term "unless good cause to the contrary be shown", as found in statutes requiring dismissal of a prosecution if defendant is not brought to trial at the next term, but it is a matter of judicial determination in each case. Hembree v. Howell, Okl.Cr.App., 214 P.2d 458, 460; Berkihiser v. State, Okl.Cr.App., 219 P.2d 1020.

In this case the defendant appeared on August 15, 1949, the date set for trial of this matter upon appeal from the probate court to the district court, but without counsel; the court believed that it had no authority to appoint counsel for defendant in such a case and further believed that because the defendant would not go forward with the trial without counsel that the defendant had failed to prosecute his appeal; it was then obligatory upon the court to proceed under the provisions of Section 19-3944, Idaho Code and enter a civil judgment against the defendant and his sureties for the costs in both courts and for any fine imposed.

▇ Section 19-3944, Idaho Code does not contain any prohibition against the district court after trial and verdict of guilty, to also render a judgment of imprisonment as well as such civil judgment in any case where imprisonment is allowed as a part of the judgment for such offense. The court is not bound to but may have the case tried before a jury and upon a verdict of guilty may also and in addition to entering such civil judgment, impose a jail sentence. In re Lucas, 17 Idaho 164, 104 P. 657. However, the court had jurisdiction and authority to dispose of the case by the entry of the civil judgment and without further proceedings; this the court did when it stated that the entry of such a civil judgment disposed of the case.

When the court indicated that the entry of the civil judgment disposed of the case, there was nothing further for the district court to do; there was no cause thereafter pending before that court which could be set for trial. Until the matter of the entry of the civil judgment was determined on appeal to this court there was nothing before the trial court and it could not set nor hear the case unless and until it was reversed on appeal.

While these questions were being settled on appeal good cause, on the face of the record, is shown for the failure to try the case anew in the district court in the October term, or at any time thereafter until and unless such appeal was disposed of favorably to the defendant.

▇ There is no merit to the contentions of the defendant that he was denied the right to a speedy trial under the statutory and constitutional provisions above set forth and discussed.

We will now consider the defendant's assignment of error that the evidence is insufficient to justify the verdict. The bank account in the Boise bank upon which the defendant drew the check was a joint and several account of defendant and his wife. Defendant contends that the state failed to prove that defendant knew or had any knowledge of the checks that his wife had drawn on the account at the time the check in question was written, and that, for this reason, he did not know nor

was he chargeable with knowledge of the condition of his account at the time the check was issued.

Defendant testified that he was engaged in selling produce and buying furs in Blaine County and elsewhere, and that he was away from Boise much of the time and did not know what checks his wife had drawn on the account at the time the check in question was drawn; defendant, however, did testify that some of his checks were drawn when there were insufficient funds in the bank.

The check upon which this complaint is based was drawn on March 6, 1948; the defendant admitted under cross-examination that he had drawn another check on this account on November 5, 1947, some four months earlier, which had not been paid at the time of trial; the evidence disclosed also that this latter check had been presented for payment on three different occasions and payment refused; other checks had been drawn on the account in the period intervening between the check drawn in November, 1947 and the check drawn in March, 1948, which other checks had been paid by making special deposits to cover them.

■ The question of whether or not the defendant had such knowledge of the condition of his bank account was one of fact, in which the jury was the exclusive judge, with the right to believe or disbelieve all of the testimony of any witness or witnesses, and especially the testimony of an interested witness. State v. Cacavas, 55 Idaho 538, 44 P.2d 1110; State v. Brown, 53 Idaho 576, 26 P.2d 131; State v. Orr, 53 Idaho 452, 24 P.2d 679; First Nat. Bank of Shenandoah, Iowa v. Hall, 31 Idaho 167, 169 P. 936.

■ There was sufficient competent evidence before the jury, if believed, to prove that defendant knew at the time of the issuance of the check that he did not have sufficient funds in the bank to pay the check upon presentation.

■ This court, through a long line of decisions, has repeatedly held that where the evidence is in conflict but is sufficient to support a conviction, the verdict of the jury, whose exclusive province it is to pass on the facts, will not be disturbed. State v. Gilbert, 65 Idaho 210, 142 P.2d 584; State v. Kleier, 69 Idaho 278, 206 P.2d 513.

While the authority and jurisdiction of the district court to enter the particular order and judgment upon which this appeal is based is not questioned here by either party, we feel the matter is of sufficient importance to consider.

The judgment and order entered by the district court on June 24, 1950 adjudged and decreed that the defendant was guilty of the crime of knowingly and fraudulently issuing a check with insufficient funds in the bank to pay the same, and that the execution of the judgment be withheld and defendant placed on probation to the State Board of Corrections for a period

of two years upon certain terms and conditions therein set forth.

The judgment also ordered that after the expiration of the term of probation, if the court should be convinced that the defendant fully complied with the terms of the judgment, the court would, upon proper showing, order the discharge of the defendant.

The district court upon a conviction may in its discretion suspend execution of judgment or withhold judgment upon such terms and for such time as it may prescribe, and may put defendant upon probation in charge of some proper person for a period of time not longer than the time for which the defendant might have been originally sentenced. Sections 19–2601 and 19–2604, Idaho Code.

The defendant was convicted of a crime which, at the time it was committed, was a misdemeanor under the provisions of Sec. 18–3106, Idaho Code, punishable by imprisonment in the county jail not to exceed six months or by fine not to exceed $300, or by both such fine and imprisonment. Sec. 18–113, Idaho Code.

At the time of conviction Sec. 18–3106 had been amended by Chapter 111 of the 1949 Session Laws, p. 201 effective March 1, 1949. Under this section as amended the issuance of such a check constituted a crime punishable by not to exceed five years in the state penitentiary or by fine not to exceed $5000, or by both such fine and imprisonment.

One who is convicted of a crime committed prior to the effective date of an act cannot be sentenced except under the law in force when the crime was committed. In re Chase, 18 Idaho 561, 110 P. 1036.

The period of probation and restraint of the liberty of the defendant extended for two years, while the crime which the defendant was found guilty of committing was punishable by imprisonment for a period of time not exceeding six months. The period of probation and restraint extended beyond the maximum term for which he might have been originally sentenced.

A sentence in excess of that authorized by law is valid to the extent that the court had the jurisdiction and authority to impose it, and is void as to the excess if the valid portion is severable from that portion which is void. In re Jennings, 46 Idaho 142, 267 P. 227; In re Bottjer, 45 Idaho 168, 260 P. 1095; In re Setters, 23 Idaho 270, 128 P. 1111; In re Chase, 18 Idaho 561, 110 P. 1036; 24 C.J.S., Criminal Law, § 1584, page 112; 15 Am.Jur. Sec. 460, p. 118.

The court had the power to impose a judgment and order of probation for a period of six months; the period of probation provided for in said order being in excess of the power of the court to impose, and the valid portion thereof being severable from the excess which is void, is to be given effect.

The judgment and order of probation is modified to limit the period of probation to six months.

PORTER and TAYLOR, JJ., concur.

GIVENS, C. J., and KEETON, J., concur in the conclusion.