(September 30, 1910.)

## In the Matter of the Application of JOSEPH CHASE for a Writ of Habeas Corpus.

[110 Pac. 1036.]

HABEAS CORPUS—CONVICTION — SENTENCE — EXCESSIVE PUNISHMENT —
VOID SENTENCE—VOIDABLE.

(Syllabus by the court.)

1. Under the provisions of sec. 8 of the act known as the Indeterminate Sentence Law, approved March 11, 1909 (Sess. Laws 1909, p. 81), a person convicted of a felony committed prior to the taking effect of that act and sentenced after the act was in force, must be sentenced under the law in force at the time such felony was committed.

2. *Held,* that the petitioner should have been sentenced under the provisions of sec. 6768, Rev. Codes, by which the minimum sentence was fixed at five years and the maximum extended to life.

3. *Held,* that the sentence imposed is not void *ab initio,* but is valid and certain as to the term of five years' imprisonment, and that the prisoner cannot be discharged on *habeas corpus* until he has performed so much of the sentence as was within the power of the court to impose.

4. *Ex parte Cox,* 3 Ida. 530, 95 Am. St. 29, 32 Pac. 197, commented on and distinguished.

Original application for a writ of *habeas corpus* to discharge the prisoner from custody on the ground that the trial court had no jurisdiction to pronounce the sentence that was imposed on the applicant. *Application denied.*

Chas. Clifton, and J. Nat. Hudson, for Petitioner.

The sentence must be definite and certain as regards the time of its duration. (Rev. Codes, sec. 6307.)

The prisoner should have been sentenced under that law, as provided in the act of March 11, 1909, Sess. Laws, 1909, p. 85, instead of receiving an indeterminate sentence under said act.

The Idaho law of March 11, 1909, is "borrowed" from the Kansas law. (Gen. Stat. Kansas, 1909, pp. 1462, 1463.)

This law, generally known as the indeterminate sentence law, has been, by the supreme court of Kansas, held in three separate particulars to be *ex post facto* and void as to crimes committed before it went into effect. (*State v. Tyree,* 70 Kan. 203, 78 Pac. 525, 3 Ann. Cas. 1020. See, also, *Ex parte Lange,* 18 Wall. 163, 21 L. ed. 872; *In re Bonner,* 151 U. S. 242, 14 Sup. Ct. 323, 38 L. ed. 149; *Ex parte Cox,* 3 Ida. 530, 95 Am. St. 29, 32 Pac. 197, and authorities there cited.)

The excess of jurisdiction to render the particular judgment makes the judgment void, and the prisoner should be discharged on *habeas corpus.* (*In re Lucas,* 17 Ida. 164, 104 Pac. 657; *In re Walton,* 17 Ida. 171, 104 Pac. 659; *Geyger v. Stoy,* 1 Dall. (Pa.) 135, 1 L. ed. 70; *In re Taylor,* 7 S. D. 382, 58 Am. St. 843, 64 N. W. 253, 45 L. R. A. 136.)

K. I. Perky, and D. E. Brinck, *Amici Curiae.*

It cannot be urged that the sentence is void for uncertainty. It is at least definite and certain as to the minimum term expressed; and indeterminate sentences are upheld wherever the question of uncertainty has been raised. (12 Cyc. 955; *Ex parte Brown,* 39 Wash. 160, 109 Am. St. 868, 81 Pac. 552; 1 L. R. A., N. S., 540, 4 Ann. Cas. 488; *People ex rel. Bradley v. Illinois State Reformatory,* 148 Ill. 413, 36 N. E. 76, 23 L. R. A. 139; *Murphy v. Commonwealth,* 172 Mass. 264, 70 Am. St. 266, 52 N. E. 505, 43 L. R. A. 154.)

Uncertainty in the sentence, being mere error, will not alone justify discharge on *habeas corpus.* (*Ex parte Walker,* 132 Cal. 143, 64 Pac. 135; *Elsner v. Shrigley,* 80 Iowa, 30, 45 N. W. 393.)

D. C. McDougall, Attorney General, O. M. Van Duyn, and J. H. Peterson, Assistants, for State.

While such sentence may be void in part, to wit, to an extent beyond the minimum sentence of five years, yet it will hold good until the five year sentence is completed, and a writ of *habeas corpus* sought to be brought before that time is premature. (12 Cyc. 782, subd. 7.)

This sentence is not uncertain as to the minimum length. No indeterminateness exists until at least that period is passed. (*Martin v. District Court,* 37 Colo. 110, 119 Am. St. 262, 86 Pac. 82.)

Where a judgment is merely excessive and the court which pronounces it is a court of general jurisdiction, it is not void *ab initio* because of excess, but is good so far as the power of the court extends, and is invalid only after the excess, and therefore, a person in custody under such sentence cannot be discharged on *habeas corpus* until he has suffered or performed so much of it as it is within the power of the court to impose. (*United States v. Pridgeon,* 153 U. S. 48, 14 Sup. Ct. 746, 38 L. ed. 631; *In re Graham,* 74 Wis. 450, 17 Am. St. 174, 43 N. W. 148; *In re Graham,* 138 U. S. 461, 11 Sup. Ct. 363, 34 L. ed. 1051; *In re Pikulik,* 81 Wis. 158, 51 N. W. 261; 15 Am. & Eng. Ency. Law, 2d ed., 171, and authorities cited.)

SULLIVAN, C. J.—This is an original application to this court for a writ of *habeas corpus* for the release of the applicant, Joseph Chase, who, it is alleged, is unlawfully imprisoned and restrained of his liberty by John W. Snook, the warden of the state penitentiary.

It is alleged in the petition that said imprisonment and restraint are illegal, and that the illegality consists in the fact that the said Chase was on the 9th day of November, 1909, in the district court of Bingham county, convicted of the crime of rape, committed on or about the 1st day of January, 1909, and thereupon sentenced by the judge of said court to be imprisoned for a term of from five to fifteen years in the state penitentiary; that said term of imprisonment is indefinite and uncertain, and was imposed under and by virtue of the law of the state of Idaho which took effect on the 6th day of May, 1909, known as the indeterminate sentence law (Sess. Laws 1909, p. 82), and long after the commission of the crime for which said Chase was sentenced, and it is contended that said court should have sentenced said Chase under the law in force when said crime was committed, to wit, under the provisions of sec. 6768, Rev. Codes.

The above-stated facts in regard to the conviction and sentence of the defendant are admitted by the return of the warden and conceded by counsel for the state. Sec. 8 of the said act known as the indeterminate sentence law provides, among other things, that persons convicted of a felony prior to the taking effect of said act and sentenced after said act went into force, should be sentenced under the law in force at the time the felony was committed. Therefore, it is clear that the court committed an error in sentencing said applicant under that act.

Under the provisions of sec. 6768, Rev. Codes, the plaintiff could not have been sentenced for a less term than five years. Sec. 1 of said indeterminate sentence law provides, among other things, that the court imposing the sentence shall not fix the limit or duration of the sentence, but the term of imprisonment of any person so convicted shall not exceed the maximum nor be less than the minimum provided by law for the crime for which the person was convicted and sentenced. As the law existed at the time said crime was committed, the minimum penalty for the crime of rape was five years imprisonment and the maximum extended to life. The maximum rested in the discretion of the court, but the minimum was absolutely fixed, and the court in passing sentence upon the prisoner gave him the minimum of five years with a maximum of fifteen years. The prisoner ought to have been sentenced under the provisions of said sec. 6768 and ought to have been given a sentence of not less than five years. The question then arises: Is the sentence imposed absolutely void? Is it so indefinite and uncertain as to be absolutely void? The sentence is not uncertain as to the minimum of five years; no indefiniteness exists as to that term. Then, does the addition thereto of the indeterminate sentence fixing the maximum at fifteen years render the minimum sentence void? We think not.

In 12 Cyc., p. 782, the author says: "Although there is some conflict in the cases upon whether the sentence which imposes a punishment in excess of the power of the court to impose is void *in·toto* or is void only as to the excess, the

weight of authority sustains the proposition that such sentence is valid to the extent that the court had power to impose it, although void as to the excess.''

In *Martin v. District Court,* 37 Colo. 110, 119 Am. St. 262, 86 Pac. 82, the court had under consideration the question whether the judgment sentencing a prisoner under the indeterminate sentence law of that state for a crime committed before such law went into effect was void or only voidable, and held that at most it was only voidable and so could not be reviewed by *habeas corpus.* The court said:

''But that doctrine need not be invoked in this proceeding. This sentence is not uncertain as to the minimum length of twelve years. No indefiniteness exists until, at least, that period is passed. We might grant that after the prisoner has served the minimum sentence thus imposed, his confinement thereafter would be illegal, and the courts might release him. The strongest objection that can be urged against this judgment is that it is excessive and indefinite. We have seen that it is not indefinite up to the minimum, and the decided weight of authority is that where a judgment is merely excessive, and the court which pronounces it is one of general jurisdiction, it is not void *ab initio* because of the excess, but is good so far as the power of the court extends, and is invalid only as to the excess, and therefore a person in custody under such sentence cannot be discharged on *habeas corpus* until he has suffered or performed so much of it as it is within the power of the court to impose. This has been expressly decided by the supreme court of the United States in *United States v. Pridgeon,* 153 U. S. 48, 14 Sup. Ct. 746, 38 L. ed. 631, and in other cases therein referred to. See, also, *In re Graham,* 74 Wis. 450, 17 Am. St. 174, 43 N. W. 148, and *In re Graham,* 138 U. S. 461, 11 Sup. Ct. 363, 34 L. ed. 1051.''

We think the correct rule is announced in that case, and that until the prisoner has served his term of five years, which may be shortened under the statute by good behavior, he would not be entitled to be discharged on *habeas corpus.*

Great reliance has been placed by counsel for applicant upon the decision of this court in *Ex parte Cox,* 3 Ida. 530,

95 Am. St. 29, 32 Pac. 197. In that case Cox had been indicted for assault with intent to commit murder and was convicted of an assault with a deadly weapon likely to do great bodily harm, and sentenced for a term of five years in the state prison. Under the provisions of sec. 6732, Rev. Stat., the crime for which Cox was convicted was punishable by a term. of imprisonment not exceeding two years or fine of $5,000, or both such fine and imprisonment. It seems that the court passed sentence on the prisoner under the provisions of sec. 6598, Rev. Stat., through mistake, for a crime for which he had not been convicted. This mistake arose from the fact that Cox had been indicted for assault with intent to commit murder but was only convicted of the crime of assault with a deadly weapon likely to produce great bodily harm, and it will thus be seen that that case is distinguishable from the case at bar.

We therefore conclude that the prisoner is not entitled to his discharge. The writ is quashed and the prisoner is remanded to the care and custody of the warden of the state penitentiary.

Ailshie, J., concurs.

---

(October 1, 1910.)

