523 P.2d 31

The STATE of Idaho, Plaintiff-Respondent,

v.

Raymond Ray BUTLER and Clarence Ross
Bender, Defendants-Appellants.

No. 11098.

Supreme Court of Idaho.

June 6, 1974.

King, Wiebe & Morris, Boise, for defendants-appellants.

W. Anthony Park, Atty. Gen., J. D. Williams, James P. Kaufman, Asst. Attys. Gen., Boise, for plaintiff-respondent.

McQUADE, Justice.

This action involves an appeal from the sentence imposed upon the defendants-appellants, Raymond Ray Butler and Clarence Ross Bender, after entering pleas of guilty to the crime of escape. The appellants were prison trustees at Ranch Three of the Idaho State Penitentiary, and on October 3, 1971, they escaped from the prison. The appellants were apprehended and they both entered guilty pleas on March 10, 1972. The trial court sentenced them under the statute in effect at the time of the crime [1] to the maximum punishment of five years of imprisonment with the sentence to commence "at the time he would otherwise have been discharged." They appeal to this Court from the judgment of conviction and sentence.

The Penal Correctional Code (hereinafter referred to as P.C.C.) became effective January 1, 1972,[2] and was repealed effective April 1, 1972.[3] Since the escape was committed on October 3, 1971, the P.C.C.'s prohibition against escape is not applicable, but the appellants were sentenced on March 28, 1972, when the P.C.C. was in effect. The P.C.C.'s prohibition against escape [4] did not require that a consecutive sentence for escape shall not commence to run until the prior sentence has been served or that the sentence for escape shall run consecutively. The appellants contend that the trial court erred in not sentencing them in accordance with the P.C.C. which would allow them to serve

1. I.C. § 18-2505.

2. Idaho Sess.Laws, ch. 143, § 18-2307(6), at 729 (1971).

3. I.C. § 18-100.

4. Idaho Sess.Laws, ch. 143, § 18-2306(2), at 726-727 (1971).

**900**

concurrent sentences. It was provided in I.C. § 18–101 of the P.C.C. that,

"(2) Except as provided in subsection (3) of this section, this code does not apply to offenses committed prior to its effective date and prosecutions for such offenses shall be governed by the prior law, which is continued in effect for that purpose, as if this code were not in force. For the purposes of this section, an offense was committed prior to the effective date of this code if any of the elements of the offense occurred prior thereto.

"(3) In any case pending on or after the effective date of this code, involving an offense committed prior to such date:

\* \* \* \* \* \*

"(c) the court, with the consent of the defendant, may impose sentence under the provisions of this code applicable to the offense and the offender." [5]

Since there is no requirement that the P.C.C. sentencing provisions of I.C. § 18–101(3)(c) be applied, the trial court did not abuse its discretion in sentencing the appellants under the provisions of I.C. § 18–2505.

■ The appellants' second assignment of error is that the trial court abused its discretion by imposing excessive sentences. The imposition of sentences is within the discretion of the trial court and will not be disturbed by this Court in absence of an abuse of discretion, and a sentence fixed within the limits prescribed by the statute will not ordinarily be considered an abuse of discretion.[6]

■ The sentence imposed is within the statutory limits and there is no clear showing of an abuse of discretion. Judgment affirmed.

SHEPARD, C. J., and DONALDSON, McFADDEN and BAKES, JJ., concur.

---

5. *Idaho* Sess.Laws, ch. 143, § 18–101 at 631 (1971).

6. State v. Ogata, 95 Idaho 309, 508 P.2d 141 (1973); State v. Butler, 93 Idaho 492, 464 P.2d 931 (1970); State v. Dunn, 91 Idaho 870, 434 P.2d 88 (1967).