855 P.2d 74

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Carl T. MORRIS, Defendant–Appellant.**

No. 20122.

Court of Appeals of Idaho.

June 24, 1993.

Alan E. Trimming, Ada County Public Defender, Doreen C. Guenther, Deputy Public Defender, Boise, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

This is a sentence review. Carl T. Morris pled guilty to first degree burglary and was committed to the custody of the Board of Correction for fifteen years, with a five-year minimum period of confinement, under the Unified Sentencing Act. I.C. § 19–2513. On appeal, he contends that the court abused its sentencing discretion by imposing an unduly harsh sentence. We affirm.

■ Morris's sentence is within the statutory maximum of fifteen years which was permitted for first degree burglary at the time he committed the charged offense in November, 1990. *See* former I.C. § 18–1403.[1] The appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978). If the sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

■ In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct. App.1989). Thus, we view Morris's actual term of confinement as five years. Morris must establish that under any reasonable view of the facts a period of confinement of five years for his conviction for first degree burglary was an abuse of discretion. This Court will not substitute its own view for that of the sentencing judge where reasonable minds might differ. *Toohill, supra.*

■ On review of a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). The burglary charge arose when Morris entered into a building occupied by his former employer, Pressure Treated Timber company, allegedly with

---

1. In 1992, the legislature repealed the statutes making first and second degree burglary separate offenses and enacted a new provision specifying a general penalty of not less than one nor more than ten years' imprisonment, for the singular crime of burglary. This enactment was effective July 1, 1992. 1992 Idaho Sess.Laws, ch. 167, p. 531.

the intent to commit malicious injury to property, a felony. While in the building at that time, he released on to the ground 13,000 gallons of a chemical mixture of diesel fuel and pentachlorophenol. He later testified that his motive was to "shut down" the company because his previous complaints regarding contamination of drinking water at the company's site had been ignored; in fact, he had been fired from his position as production manager for taking water samples for an EPA analysis without authorization. Morris was separately charged in the same Information with the additional felony of malicious injury to property and with being a persistent violator of the law because of several previous felony convictions. Pursuant to plea negotiations, Morris pled guilty to the burglary charge and the other charges were dismissed.

At the time Morris was sentenced for this offense, he was 46 years old. During the sentencing proceeding, the court had the benefit of a current and two previous presentence investigation reports which outlined Morris's prior record; demonstrated that he had a substance abuse problem (alcohol and marijuana); and described a prior attempt at probation. His criminal record began at age nineteen when he was charged with forgery. Since then, Morris has been convicted of attempted first degree burglary, holding a hostage while in prison, three counts of DUI, committing an act of sexual perversity, and burglary not in a dwelling. He has twice been found in violation of probation, and has been charged with three counts of grand theft, first degree burglary, two counts of embezzlement, two counts of petty theft and DUI, and carrying a concealed weapon. He also has an extensive driver's services record.

The district court explained its rationale in imposing the fifteen-year sentence with five years required confinement. The court determined that Morris's prior record and lack of cooperation while on probation and on parole weighed against the likelihood of rehabilitation. The court also considered the issue of deterrence and concluded that a sentence "of some significance" would discourage others from believing that acts of sabotage are acceptable forms of protest. The court next addressed protection of the public and found that Morris's history of antisocial behavior indicated a willingness to violate the rights of others; again weighing heavily in favor of a sentence of some significance. Finally, the court decided that the nature of the offense was a serious crime, a "malicious attack," which required more than a minor sentence.

The record demonstrates that the court appropriately considered the nature of the offense, the character of the offender, and the sentencing objectives in pronouncing Morris's sentence. In light of the sentencing criteria, we hold that the unified sentence of fifteen years, with five years minimum confinement, is reasonable and was not an abuse of the court's sentencing discretion.

Accordingly, the judgment of conviction for first degree burglary, including the sentence as imposed, is affirmed.

SWANSTROM and LANSING, JJ., concur.