913 P.2d 578

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Russell McCOY, Defendant–Appellant.**

No. 21718.

Supreme Court of Idaho,
Twin Falls November 1995 Term.

March 22, 1996.

Pena Law Offices, Rupert, for appellant. Raymundo G. Pena argued.

Alan G. Lance, Idaho Attorney General; Charles E. Zalesky, Deputy Attorney General, Boise, for respondent. Charles E. Zalesky argued.

TROUT, Justice.

This is an appeal from a judgment of conviction for the felony offense of eluding a peace officer, entered upon a conditional plea of guilty.

## I.

### BACKGROUND AND PROCEDURAL HISTORY

On July 11, 1994, Deputy Dean Sampo of the Blaine County Sheriff's Office stopped the appellant, Russell McCoy, because he suspected that McCoy was driving under the influence (DUI). After Sampo administered a field sobriety test he returned to his patrol car to contact dispatch. McCoy then got into his own vehicle and drove away. He was eventually stopped and issued citations for DUI and carrying a concealed weapon while under the influence. Thereafter, the Blaine County Prosecutor filed a criminal complaint

charging McCoy with the felony of eluding a peace officer pursuant to I.C. § 49–1404(2).[1]

McCoy subsequently entered into plea negotiations with Blaine County Chief Deputy Prosecutor Douglas Nelson. According to McCoy, Nelson asserted that the charge of felony eluding a peace officer carried a five-year maximum prison term, but he would agree to seek only a four-year indeterminate term with two years fixed. In exchange, McCoy agreed to waive a preliminary hearing and plead guilty to the eluding charge. This agreement was reduced to writing.

On August 8, 1994, McCoy appeared before the district court for arraignment. At that time, the court advised him of his rights but informed him that the maximum penalty for the felony charge was only a mandatory suspension of his driving privileges for a term of one to three years.[2] McCoy pled guilty to the charge, and the district court accepted his plea.

I.C. § 18–112 provides:

**Punishment for felony.**—Except in cases where a different punishment is prescribed by this code, every offense declared to be a felony is punishable by imprisonment in the state prison not exceeding five (5) years, or by fine not exceeding fifty thousand dollars ($50,000), or by both such fine and imprisonment.

Relying on this provision, the State filed a motion to set aside the guilty plea on the ground that the district court had not properly advised McCoy of the maximum penalty for the eluding charge. At the hearing on the State's motion, the district court dealt with the issue as a *sua sponte* consideration of its own error. In fact, it did not even consider the parties' arguments on the motion. It specifically ruled that it had erred in advising McCoy of the maximum penalty for a violation of I.C. § 49–1404(2). Accordingly, over objection by counsel for McCoy, it set aside the prior guilty plea and ordered McCoy to appear for another arraignment.

On August 29, 1994, McCoy again appeared before the district court for arraignment. At this time, the court advised him that the maximum penalty for the crime was imprisonment for up to five years, a fine of up to $50,000, and suspension of driving privileges for one to three years. Despite his earlier agreement with the State's seeking of a prison term for the charge, McCoy entered a conditional plea of guilty, reserving the right to appeal the trial court's ruling on the maximum punishment issue. On November 7, 1994, the district court sentenced McCoy. The sentence included a unified four-year prison term with two years fixed, precisely the term McCoy agreed to in the plea agreement. The entire prison term was suspended and McCoy was placed on three years probation.

## II.

### WHETHER THE DISTRICT COURT ERRED IN CONCLUDING THAT THE MAXIMUM PUNISHMENT FOR A VIOLATION OF I.C. § 49–1404(2) INCLUDES IMPRISONMENT AND A FINE

■ Idaho Code § 18–111A provides that "unless otherwise provided in a specific act, [a felony offense shall be punishable] according to the General Felony Statute ... contained in section 18–112, Idaho Code." I.C. § 49–1404 does not provide that § 18–112 is inapplicable. However, by its own terms, § 18–112 does not apply "in cases where a

---

1. I.C. § 49–1404 provides in relevant part:
 **Fleeing or attempting to elude a peace officer—Penalty.**—.... (2) An operator who violates the provisions of subsection (1) [which enumerates the basic elements of the crime] and while so doing:
 (a) Travels in excess of thirty (30) miles per hour above the posted speed limit;
 (b) Causes damage to the property of another or bodily injury to another;
 (c) Drives his vehicle in a manner as to endanger or likely to endanger the property of another or the person of another; or

 (d) Leaves the state;
is guilty of a felony.

2. At this proceeding, the district court relied exclusively upon I.C. § 49–1404(3), which provides in relevant part:

Any person who has pled guilty or is found guilty of a felony violation of the provisions of this section ... shall have his driving privileges suspended by the court for a minimum of one (1) year, which may extend to three (3) years, at the discretion of the court....

different punishment is prescribed." McCoy contends that since § 49–1404 provides a penalty for felony eluding, *ie.* a mandatory suspension of driving privileges, I.C. § 18–112 does not apply.

 It is well-settled that criminal statutes are to be construed strictly and in favor of the defendant. *E.g. State v. Sivak,* 119 Idaho 320, 325, 806 P.2d 413, 418 (1990). However, it is also "well-established that the clearly expressed intent of the legislature must be given effect, thus leaving no occasion for construction where the language of a statute is plain and unambiguous." *State v. Barnes,* 124 Idaho 379, 380, 859 P.2d 1387, 1388 (1993) (citing *Sherwood v. Carter,* 119 Idaho 246, 254, 805 P.2d 452, 460 (1991)).

Where an offense is declared by the legislature to be a felony, the definition of "felony" contained in I.C. § 18–111 is applicable. I.C. § 18–111A. For an offense to be a "felony," it must be "punishable with death or by imprisonment in the state prison." I.C. § 18–111. It follows, therefore, that when a non-capital crime is denominated by the legislature to be a "felony," the punishment for that felony is provided by I.C. § 18–112 unless a statute specifically provides a different term of imprisonment for that offense. I.C. §§ 18–111A, 112. In other words, in light of the definition of "felony," the "different punishment" referred to in § 18–112 must be death or a term of imprisonment in the state prison.

Under McCoy's reading of I.C. § 18–112, the term "felony" in § 49–1404(2) is rendered entirely meaningless; a violation of § 49–1404(2) would not be a "felony" as defined by § 18–111 because it would not be "punishable with death or by imprisonment." Indeed, the felony of eluding a peace officer would not even be a "crime" as that term is defined in the criminal code. *See* I.C. § 18–109. Because the legislature unambiguously denominated a violation of I.C. § 49–1404(2) a "felony," and because it did not provide a specific prison term for that charge, the punishment set forth in I.C. § 18–112 is applicable, and the penalty set forth in § 49–1404(3) is in addition to that punishment. I.C. §§ 18–111A, 112. Accordingly, the district court was correct when it advised McCoy that the maximum penalty for the charge was five years imprisonment, a $50,000 fine, and suspension of driving privileges for one to three years.

### III.

### WHETHER THE DISTRICT COURT ERRED PROCEDURALLY IN SETTING ASIDE McCOY'S FIRST GUILTY PLEA AND FORCING HIM TO ENTER A NEW PLEA

 McCoy contends that even if the district court was correct on the substantive issue, it erred procedurally in granting the State's motion to set aside the guilty plea. According to McCoy, there is no authority for such a motion and, even if there were, the State failed to make any type of showing in support of its position.

The State merely brought the maximum penalty problem to the district court's attention. In dealing with the problem, the trial court did not review the State's motion. Rather, it identified the error and told the parties how it was going to remedy it. Accordingly, the proper focus is not on the form of the State's motion. The issue is whether the district court abused its discretion by forcing McCoy to enter a new plea after being correctly advised of the true consequences of a plea of guilty to the charge of felony eluding. *Cf. State v. Carrasco,* 117 Idaho 295, 787 P.2d 281 (1990) (motion to withdraw a guilty plea pursuant to I.C.R. 33(c) is addressed to the sound discretion of the trial court).

 In determining whether a trial court abused its discretion, we ask: (1) whether that court correctly perceived the issue as one of discretion; (2) whether it acted within the outer boundaries of that discretion and consistently with any applicable legal standards; and (3) whether it reached its decision by an exercise of reason. *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989) (quoting *Associates Northwest, Inc. v. Beets,* 112 Idaho 603, 605, 733 P.2d 824, 826 (Ct.App.1987)). In this case, it is clear that the district court perceived its ability to withdraw McCoy's plea as involving the exercise

of discretion. Moreover, it acted consistently with applicable legal standards and reached its decision through an exercise of reason.

■ Before it can accept a guilty plea, a district court must establish, on the record, that the plea was knowingly and voluntarily entered. *State v. Colyer*, 98 Idaho 32, 557 P.2d 626 (1976) (citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)); I.C.R. 11(c). "At a minimum the record must show that [the defendant] realized the possible maximum penalty which could be imposed." *Colyer*, 98 Idaho at 36, 557 P.2d at 630. In this case, had the trial court failed to properly advise McCoy of the true consequences of his plea and then sentenced him in accordance with I.C. § 18–112, that failure would have been a basis for having the plea set aside on appeal. *Id.* Indeed, the district court acted to avoid the very deficiency which resulted in a successful appeal in *Colyer*. *See Id.* (guilty plea set aside on appeal based on the fact that both the prosecutor and defense counsel were mistaken as to the maximum sentence that could be imposed). Thus, the district court did not abuse its discretion by vacating the guilty plea in order to give McCoy an opportunity to change his mind after being informed of the correct maximum penalty for the charge.

## IV.

## CONCLUSION

The judgment of conviction is affirmed.

McDEVITT, C.J., JOHNSON, SILAK and SCHROEDER, JJ., concur.