954 P.2d 681

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Carl T. MORRIS, Defendant–Appellant.**

**No. 23736.**

Court of Appeals of Idaho.

Jan. 30, 1998.

Rehearing Denied April 6, 1998.

Wiebe & Fouser, Caldwell, for defendant-appellant.

Alan G. Lance, Attorney General, Kevin J. Wladyka, Deputy Attorney General, Boise, for plaintiff-respondent.

PERRY, Judge.

Carl T. Morris appeals from the district court's order denying his I.C.R. 35 motion for correction of an illegal sentence. For the reasons set forth below, we reverse and modify Morris's sentence.

The background of this case is not in dispute. Morris committed certain crimes in November 1990 for which he was charged with first degree burglary, I.C. §§ 18–1401, –1402, and malicious injury to property, I.C. § 18–7001. Morris pled guilty to first degree burglary in April 1992, and the state dismissed the malicious injury to property charge. At the time of the commission of the crimes, first degree burglary was punishable by up to fifteen years in prison. Effective July 1, 1992, the legislature repealed I.C. § 18–1402, which drew a distinction between first and second degree burglary, and also amended I.C. § 18–1403, reducing the maximum sentence from fifteen years to ten years. On July 1, 1992, Morris was sentenced to a unified term of fifteen years, with a minimum term of incarceration of five years. The district court entered its written judgment of conviction and sentence on July 2, 1992. Morris appealed, asserting that the district court abused its discretion by imposing an unduly harsh sentence. This Court affirmed. *State v. Morris*, 123 Idaho 989,

855 P.2d 74 (Ct.App.1993). Morris subsequently filed a Rule 35 motion for correction of an illegal sentence, asserting that because the maximum sentence for burglary had been reduced from fifteen years to ten years effective July 1, 1992, the district court entered an illegal sentence by imposing a greater sentence than what the statute allowed. The district court denied Morris's motion. This appeal ensued.

The sole issue we address in this case is whether Morris was entitled to benefit from the Idaho Legislature's amendment of I.C. § 18–1403, effective July 1, 1992, which reduced the maximum sentence for burglary from fifteen years to ten years. If the amended statute applied, as Morris contends, his sentence of fifteen years would be illegal.

Pursuant to Rule 35, the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct.App.1993); *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct.App.1991).

The state argues that Idaho law supports the district court's denial of Morris's Rule 35 motion under *State v. Eikelberger*, 71 Idaho 282, 230 P.2d 696 (1951). In *Eikelberger*, the defendant was convicted and sentenced for a felony. However, the crime for which he was convicted was only a misdemeanor at the time of its commission. The Idaho Supreme Court modified the terms of the district court's judgment and order to reflect a misdemeanor. In its opinion, the Supreme Court stated that one "who is convicted of a crime committed prior to the effective date of an act cannot be sentenced except under the law in force when the crime was committed." *Eikelberger*, 71 Idaho at 289, 230 P.2d at 701, *citing In re Chase*, 18 Idaho 561, 110 P. 1036 (1910).

We disagree with the state that *Eikelberger* is controlling. The Supreme Court's holding in *Eikelberger* addressed the issue of

whether a defendant who had been convicted of a crime, a felony at the time of judgment but only a misdemeanor at the time of its commission, should have the felony conviction reduced to a misdemeanor. The *Eikelberger* holding, which prevented the imposition of a greater penalty than that allowed at the time of the commission of the offense, is consistent with the prohibition against *ex post facto* laws under Article I, Section 10 of the United States Constitution and Article I, Section 16 of the Idaho Constitution.

In the case at bar, this Court is presented with the separate issue of whether a defendant is entitled to benefit from an ameliorative sentencing amendment that took effect between the time the crime was committed and the time the judgment of conviction and sentence was entered. The *Eikelberger* holding is inapposite to the issue before this Court. Thus, in consideration of the foregoing, we conclude that the Supreme Court's holding in *Eikelberger* is not controlling in the case at bar.[1] We recognize, however, that the *Eikelberger* holding would have been applicable had Morris been convicted of second degree burglary, which had a maximum five-year term of incarceration under the prior version of I.C. § 18–1403. The district court could not have sentenced Morris to a term of incarceration greater than five years under amended I.C. § 18–1403 which authorizes a ten-year period of incarceration for a burglary conviction.

In denying Morris's Rule 35 motion, the district court noted *State v. Musquiz*, 96 Idaho 105, 524 P.2d 1077 (1974); *State v. Butler*, 95 Idaho 899, 523 P.2d 31 (1974); and *State v. Pontier*, 95 Idaho 707, 518 P.2d 969 (1974). These cases are not helpful, however, because in each of them the legislature had specified in the revised statute whether the new punishment would apply to offenses committed prior to the effective date of the amendment. In the case at bar, the district court correctly noted that the statute at is-

sue, I.C. § 18–1403, did not expressly provide which sentencing statute should apply to crimes committed prior to July 1, 1992. The district court then denied Morris's motion, concluding that "absent legislative intent to the contrary, a sentence is proper if it complies with the statute in effect at the time the defendant committed the offense."

Although the issue raised by Morris is of first impression in this state, it has been addressed by the California Supreme Court. *In re Estrada*, 63 Cal.2d 740, 48 Cal.Rptr. 172, 408 P.2d 948 (1965). In *Estrada*, the California Supreme Court reviewed a statute which reduced the time the defendant had to spend in prison before becoming eligible for parole. The statutory amendment became effective after the defendant committed the underlying crime, but before the defendant was convicted and sentenced. The California Supreme Court held that the defendant was entitled to the ameliorative terms of the amended statute. In its holding, the court first focused on the legislature's intent.

The problem, of course, is one of trying to ascertain the legislative intent—did the Legislature intend the old or new statute to apply? Had the Legislature expressly stated which statute should apply, its determination, either way, would have been legal and constitutional. It has not done so. We must, therefore, attempt to determine the legislative intent from other factors.

... When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. The amendatory act

---

1. The state also cites *Chase*, which was cited in *Eikelberger*, for the same proposition. On review, we note that the Supreme Court in *Chase* based its holding not on common law, but on the statutory language found in 1909 Idaho Sess. Law, Section 8, Ch. 214. *Chase*, 18 Idaho at 564, 110 P. at 1036–37 (1909 Idaho Sess. Law,

Section 8, Ch. 214 expressly provided: "Persons convicted of a felony committed prior to the taking effect of [the Indeterminate Sentence Act], and sentenced after [the Indeterminate Sentence Act] is in force, shall be sentenced under the law in force at the time such felony was committed.").

imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final. This intent seems obvious, because to hold otherwise would be to conclude that the Legislature was motivated by a desire for vengeance, a conclusion not permitted in view of modern theories of penology.

*Estrada,* 48 Cal.Rptr. at 175, 408 P.2d at 951. The court next reviewed two statutory provisions which arguably could have preserved the old statute: section 9608, a general saving statute,[2] and Section 3 of the California Penal Code, which stated that no part of the penal code "is retroactive, unless expressly so declared." The court concluded that neither statute applied, stating:

A reading of [section 9608] demonstrates that the Legislature, while it positively expressed its intent that an offender of a law that has been repealed or amended should be punished, did not directly or indirectly indicate whether he should be punished under the old law or the new one. As has already been pointed out, where the amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed. Neither a saving clause such as section 9608 . . . nor a construction statute such as section 3 . . . changes that rule.

*Estrada,* 48 Cal.Rptr. at 177, 408 P.2d at 953.

The Montana Supreme Court reached the same result in *State v. Wilson,* 279 Mont. 34, 926 P.2d 712, 716 (1996). In *Wilson,* the Montana Supreme Court addressed whether the trial court had the authority to designate the defendant as a dangerous offender pursuant to a statute which was in effect at the time the defendant committed his underlying offenses, but had been repealed before his conviction and sentencing. The Montana Supreme Court recognized that Montana had a statute saving prosecutions and a statute prohibiting the retroactive application of laws.[3] However, the court found *Estrada* persuasive and held:

[W]hen a sentencing statute:

(1) is repealed between the date a defendant commits the underlying offenses and is sentenced; and

(2) where the effect of the repeal lessens or ameliorates the defendant's punishment; and

(3) where the repealer contains no savings clause;

the defendant is entitled to be sentenced according to the sentencing statute in effect on the date of sentencing.

*Wilson,* 926 P.2d at 716.

Similar to California and Montana, Idaho has a statute saving prosecutions[4] and a statute barring the retroactive application of laws not expressly so declared.[5] Either Idaho statute could arguably be read to mandate that the repealed maximum fifteen-year sentence within I.C. § 18–1403 be applied in this case. However, we find *Estrada* and *Wilson* persuasive and hold that neither I.C. § 67–513 nor I.C. § 73–101 preserved the fifteen-year sentencing scheme for burglaries when

2. California Government Code Section 9608 stated:

The termination or suspension (by whatever means effected) of any law creating a criminal offense does not constitute a bar to the . . . punishment of an act already committed in violation of the law so terminated or suspended, unless the intention to bar such . . . punishment is expressly declared by an applicable provision of law.

3. Section 1–2–205 of the Montana Code stated that the "repeal of any law creating a criminal offense does not constitute a bar to . . . punishment of an act already committed in violation of the law so repealed unless the intention to bar such . . . punishment is expressly declared in the repealing act."

Section 1–2–109 of the Montana Code stated: "No law contained in any of the statutes of Montana is retroactive unless expressly so declared."

4. Idaho Code Section 67–513 states:

The repeal of any law creating a criminal offense does not constitute a bar to the prosecution and punishment of an act already committed in violation of the law so repealed, unless the intention to bar such prosecution and punishment is expressly declared in the repealing act.

5. Idaho Code Section 73–101 states: "No part of these compiled laws is retroactive, unless expressly so declared."

267

the defendant had not been convicted and sentenced prior to July 1, 1992.

■ The Idaho Legislature amended I.C. § 18–1403 effective July 1, 1992, without a saving clause and without indicating which maximum sentence should be applied during the transitional period. Therefore, the issue is not whether there is a bar from prosecution and punishment, but rather, upon prosecution, which punishment applies to Morris. The legislature, by reducing the maximum sentence for a burglary conviction, demonstrated that it considered a fifteen-year period of incarceration to be no longer the appropriate maximum term of incarceration for burglary. Under these circumstances, we conclude that because Morris had not been convicted and sentenced until after the new sentencing legislation became effective, such new sentencing legislation should be applied in his case.[6] This conclusion is supported by the well-settled principle of law that criminal statutes are to be strictly construed and in favor of the defendant. *State v. McCoy*, 128 Idaho 362, 365, 913 P.2d 578, 581 (1996); *State v. Thompson*, 101 Idaho 430, 437, 614 P.2d 970, 977 (1980). Accordingly, we hold that the ameliorative impact of revised I.C. § 18–1403, effective July 1, 1992, lessening the maximum period of incarceration from fifteen years to ten years applies to a first degree burglary committed prior to July 1, 1992, when the defendant was not convicted and sentenced prior to July 1, 1992.

■ Morris's judgment of conviction and sentence for first degree burglary were entered on July 2, 1992. Thus, Morris was entitled to be sentenced under the new sentencing scheme of I.C. § 18–1403. "A sentence in excess of that authorized by law is valid to the extent that the court had the jurisdiction and authority to impose it, and is void as to the excess if the valid portion is severable from that portion which is void." *Eikelberger*, 71 Idaho at 289, 230 P.2d at 701. The district court had the authority to impose a maximum ten-year period of incarceration. Thus, we reverse the district court's denial of Morris's Rule 35 motion and modify Morris's sentence to a unified term of incarceration of ten years, with five years fixed.

LANSING, C.J., concurs.

SCHWARTZMAN, Judge, dissenting.

I am unable to agree with the majority's position despite the fact that there exists a substantial body of authority from other jurisdictions supporting their position on this discrete point of law. Nevertheless, I wish to focus upon traditional concepts of statutory interpretation and due process under Idaho law.

Idaho Code Section 67–513 is entitled *Repeal of penal law* and unequivocally states that the "repeal of any law creating a criminal offense does not constitute a bar to the prosecution *and punishment* of an act already committed in violation of the law so repealed, *unless the intention to bar such prosecution and punishment is expressly declared in the repealing act.*" Emphasis mine. I must presume that the Idaho Legislature was well aware of this savings clause at the time it enacted the 1992 repeal and amendment of the burglary statutes. So, too, I presume the Legislature could have extended the ameliorative effect of a potential "lesser sentence" on all pending cases as of the effective date of enactment had it so chosen, just as it did relative to Idaho Code Section 37–2748 in 1971. *See State v. Pontier*, 95 Idaho 707, 715, 518 P.2d 969, 977 (1974).

The procedural posture of this case also offers a consternation of fortuitous anomalies. The defendant committed the crime of Burglary in the First Degree in November of 1990. He pled guilty on April 20, 1992, with sentencing first set for May 21, and then reset twice thereafter at the behest of his counsel to June 9 and finally July 1, 1992, the

---

6. This rule is followed by a majority of the states. *See Elkins v. State*, 659 N.E.2d 563. (Ind.App. 1995); *People v. Schultz*, 435 Mich. 517, 460 N.W.2d 505 (1990); *State v. Coolidge*, 282 N.W.2d 511 (Minn.1979); *People v. Oliver*, 1 N.Y.2d 152, 151 N.Y.S.2d 367, 134 N.E.2d 197 (1956); *State v. Pardon*, 272 N.C. 72, 157 S.E.2d 698 (1967); *State v. Cummings*, 386 N.W.2d 468 (N.D.1986); *State v. Macarelli*, 118 R.I. 693, 375 A.2d 944 (1977); *State v. Tapp*, 26 Utah 2d 392, 490 P.2d 334 (1971). *But see Holiday v. United States*, 683 A.2d 61 (D.C.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1349, 137 L.Ed.2d 506 (1997).

effective date of the new law. The defendant has already appealed this sentence once, albeit on different grounds, which sentence was affirmed in 1993. His Rule 35 motion was filed on November 27, 1996. I wonder how many other cases are out there with a similar scenario; or how many other similarly situated defendants might claim ineffective assistance of counsel for not seeking a continuance on pending sentencings until July 1, 1992, or otherwise bemoan the fact that they didn't abscond until that date.

Moreover, at the time defendant committed his offense, Idaho had long preserved the common law distinctions between First and Second Degree Burglary. In 1992 the Idaho Legislature did away with this distinction and split the difference between fifteen and five to ten years as a compromise punishment for both varieties of burglary. Yet, the fact remains that the old law carried an additional material element for the offense of Burglary I (*i.e.*, nighttime), such that the amendment did more than just lessen the penalty.

In conclusion, I would give plain meaning to the language that "the repeal of any criminal law shall not constitute a bar to ... punishment of an act already committed in violation of the law so repealed," and to the time-honored notion that criminal laws are not retroactive and relate back to the date when the offense was committed.

Accordingly, I respectfully dissent and would affirm the decision of the learned trial judge in denying the motion for correction of an illegal sentence.